# In the United States Court of Federal Claims

No. 22-1887

Filed: April 6, 2023

|  |  |
|---|---|
| JAMES H. BAQLEH, | ) |
| *Plaintiff*, | ) ) ) |
| v. | ) ) |
| THE UNITED STATES, | ) ) |
| *Defendant*. | ) ) ) |

**ORDER**

James Baqleh complains of conduct by various officers of the Hayward Police Department in Hayward, California. He claims they falsely arrested and imprisoned him, defamed him, injured his shoulder, and violated his rights entitling him to relief under 42 U.S.C. § 1983. The Government has moved to dismiss for lack of subject matter jurisdiction because there is not an allegation against the United States, and the claims sound in tort or statute that this Court lacks jurisdiction to hear. Because each of Mr. Baqleh's claims falls outside this Court's jurisdiction, the Court grants the Government's motion and dismisses this action.

**I.    Background**

Mr. Baqleh's complaint focuses on events stemming from an incident in November 2018. Am. Compl., ECF No. 1 at 1.[1] What happened next is not entirely clear other than 911 was called. Mr. Baqleh alleges that he called to report an alleged assault by his sister that was in his home at the time. *Id*. According to the Amended Complaint, Mr. Baqleh called 911 because he "was experiencing imminent danger" and "it was clear that I was experiencing an assault as thrown objects could be heard hitting the door I was taking cover from." Am. Compl., ECF No. 1 at 1. According to the police report, it appears that Mr. Baqleh's sister called 911 as well. ECF No. 14-1 at 3. According to the report, Mr. Baqleh's sister was concerned for his safety because he said he had been hearing voices and these voices almost led him to harm himself. *Id*.

---

[1] Mr. Baqleh moved for leave to file an Amended Complaint, which the Court granted. ECF No. 12. When he filed his Amended Complaint, however, Mr. Baqleh filed only a supplement regarding his claimed damages and an exhibit, not an entirely new Complaint. *See* ECF No. 14. Given Mr. Baqleh is *pro se*, the Court considers these two documents together and cites to the Amended Complaint throughout and provides a clear citation to either ECF No. 1 or No. 14 to facilitate referencing the record.

Once the Hayward Officers arrived, they appear to have taken Mr. Baqleh for a psychiatric evaluation. *See* ECF No. 14-1 at 3.

Mr. Baqleh now sues the United States, alleging that he was falsely arrested by the Hayward Police Department, that the officers arresting him injured his arm, defamation, false arrest, Fourth Amendment violations, and false imprisonment under 42 U.S.C. § 1983.

## II.     Legal Standard

This Court's primary grant of jurisdiction appears in the Tucker Act, which provides that this Court "shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). But "[t]he Tucker Act, of course, is itself only a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages." *United States v. Testan*, 424 U.S. 392, 398 (1976). To invoke this Court's jurisdiction, Mr. Baqleh must identify a "separate source of substantive law that creates the right to money damages." *Greenlee Cnty. v. United States*, 487 F.3d 871, 875 (Fed. Cir. 2007) (quoting *Fisher v. United States*, 492 F.3d 1167, 1172 (Fed. Cir. 2005)). If Mr. Baqleh fails to establish jurisdiction under the Tucker Act, this Court must dismiss the complaint. RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Outlaw v. United States*, 116 Fed. Cl. 656, 658-59 (2014).

It is Mr. Baqleh's burden to establish this Court's jurisdiction by a preponderance of the evidence. *Stephens v. United States*, 884 F.3d 1151, 1155 (Fed. Cir. 2018). "In deciding a motion to dismiss for lack of subject matter jurisdiction, the court accepts as true all uncontroverted factual allegations in the complaint, and construes them in the light most favorable to the plaintiff." *Id.* (quoting *Estes Exp. Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014)). Because Mr. Baqleh appears pro se, the Court holds his pleadings to "less stringent standards than formal pleadings drafted by lawyers . . . ." *Naskar v. United States*, 82 Fed. Cl. 319, 320 (2008) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). That leniency, however, does not relieve Mr. Baqleh from establishing this Court's jurisdiction. *Stephens*, 884 F.3d at 1156; *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987); *Minehan v. United States*, 75 Fed. Cl. 249, 253 (2007).

## III.     Discussion

This Court lacks jurisdiction to hear any claim Mr. Baqleh asserts. First, Mr. Baqleh alleges that his case is properly before this Court under 42 U.S.C. § 1983, arguing that "Plaintiff is suing the police department under Section 1983 claim. Specifically, 42 U.S. Code § 1983." ECF No. 18 at 1. And he reiterates that "U.S. citizens have the right to sue the police department for violating their rights by filing a 'Section 1983' claim." *Id.* He continues that "Plaintiff is suing the Hayward Police Department for violating his rights by filing a 'section [sic] 1983' claim." *Id* at 2. But it is well-established that this Court lacks jurisdiction over any claim under Section 1983 because Congress vested jurisdiction over those claims in the district courts. *E.g.*, *Wickramaratna v. United States*, No. 2022-1786, 2022 WL 17495907, at *1 (Fed. Cir. Dec. 8,

2022). When Congress vests jurisdiction in the district courts, this Court "lacks subject matter jurisdiction over" such claims because "[t]he Court of Federal Claims is not a district court of the United States . . . ." *Ledford v. United States*, 297 F.3d 1378, 1382 (Fed. Cir. 2002). Therefore, this Court must dismiss any claims based on Section 1983.

Second, as the above statements make clear, Mr. Baqleh "is suing the police department . . . ." ECF No. 18 at 1. This is confirmed by his Amended Complaint, which makes numerous allegations about the officers that responded to his home in November 2018. Am. Compl., ECF No. 1 at 1-8. This Court's jurisdiction, however, is limited to cases against the United States. 28 U.S.C. § 1491(a)(1). This jurisdiction does not extend to any other party and "if the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court." *United States v. Sherwood*, 312 U.S. 584, 588 (1941). Thus, this Court does not have jurisdiction over cases against individual federal officials. *Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997). Similarly, this Court lacks jurisdiction over states or state officials and must dismiss those claims. *Sherwood*, 312 U.S. at 588.

Mr. Baqleh, however, "means to address the United States as his defendant and in his complaints." ECF No. 18 at 1. As to his specific allegations, Mr. Baqleh contends that he is "actually still implicating the United States (to the best of the plaintiff's knowledge) when describing the event from the two officers who were acting under law and responding to the 911 calls (911 is a number provided by the United States) that Jessica and I separately made with two different phones." *Id*. at 2. This is not the case. Simply asserting that state officials are the United States does not make them so and does not establish jurisdiction in this Court. As the Court recently explained, the "complaint must not only name the United States as the defendant, but its allegations also must implicate the United States." *Hankins v. United States*, No. 21-2138 C, 2022 WL 128839, at *4 (Fed. Cl. Jan. 14, 2022) (citing *May Co. v. United States*, 38 Fed. Cl. 414, 416 (1997)). The officers of the Hayward Police Department are not the United States; they are not even employees of the United States. The officers that responded to Mr. Baqleh's home were employees of the Hayward Police Department and this Court lacks jurisdiction over claims against them. *Sherwood*, 312 U.S. at 588.

Nor does the fact that the officers responded to a call that Mr. Baqleh made to 911 convert them into the United States or federal officials. Contrary to Mr. Baqleh's assertion, 911 is not provided by the United States; instead, federal law requires the Federal Communications Commission to "encourage and support efforts *by States* to deploy" 911 services. 47 U.S.C. § 615 (emphasis added). Even if the United States had provided 911 service to Hayward, California, that would not create jurisdiction over the officers that responded to Mr. Baqleh's home. Because this Court lacks jurisdiction over the Hayward Police Department or its officers, it must dismiss any such claims.

Third, although Mr. Baqleh argues that jurisdiction is proper under Section 1983 and does not address other grounds for jurisdiction, the Court evaluates his Amended Complaint to determine if there is another jurisdictional hook that is sufficient. Here, the Court evaluates Mr. Baqleh's claims of false arrest, defamation, false imprisonment, and injuring his arm. Am. Compl., ECF No. 1 at 4-10. These are tort claims beyond this Court's jurisdiction, which extends only to claims "not sounding in tort." 28 U.S.C. § 1491. False arrest, false imprisonment, and physical injury claims are tort claims. *E.g.*, *Dillard v. United States*, No. 14-

1203C, 2015 WL 739944, at *3 (Fed. Cl. Feb. 20, 2015) ("[C]laims of false arrest, malicious prosecution, [and] physical injury . . . are tort claims.") (alterations in original) (quoting *Dumonde v. United States*, 87 Fed. Cl. 651, 653 (2009)); *Quillin v. United States*, 228 Ct. Cl. 727, 727 (1981) ("Any claim of false imprisonment sounds in tort and is beyond this court's jurisdiction."). The same is true of defamation. *E.g.*, *Ortiz v. United States*, No. 18-980C, 2019 WL 2499790, at *2 (Fed. Cl. June 14, 2019) ("Defamation is a tort, and like other tort claims, a defamation claim cannot be considered by this court."), *Golden v. United States*, 118 Fed. Cl. 764, 769 (2014) ("An allegation of defamation is a tort claim and thus is outside this court's jurisdiction."). Therefore, the Court lacks jurisdiction over any of these claims and must dismiss them.

Fourth, to the extent Mr. Baqleh brings a Fourth Amendment claim, it is beyond the Court's jurisdiction. *Brown*, 105 F.3d at 623 ("Because monetary damages are not available for a Fourth Amendment violation, the Court of Federal Claims does not have jurisdiction over such a violation.") (citations omitted). Nor could Mr. Baqleh maintain a *Bivens* action in this Court if he could bring an action against federal officials. *Id*. at 624. ("The Tucker Act grants the Court of Federal Claims jurisdiction over suits against the United States, not against individual federal officials. 28 U.S.C. § 1491(a). Thus, the *Bivens* actions asserted by appellants lie outside the jurisdiction of the Court of Federal Claims."). Therefore, this Court must dismiss all Mr. Baqleh's Fourth Amendment claims.

Fifth, to the extent Mr. Baqleh challenges his arrest by the Hayward Police Department, this Court lacks jurisdiction over such a claim. Not only are these arguments are based on the Fourth Amendment, which is outside this Court's jurisdiction, and against entities other than the United States, this Court also lacks jurisdiction over any criminal matter or challenge to a criminal matter. *E.g.*, *Stanwyck v. United States*, 127 Fed. Cl. 308, 314 (2016) ("[T]he principle that we do not exercise jurisdiction over criminal claims has been universally and thoroughly well-established by decisions of our court, never once disturbed on appeal.") (collecting cases). Therefore, this Court cannot hear a challenge to Mr. Baqleh's arrest.

Finally, while the Government's motion to dismiss has been pending, Mr. Baqleh has filed numerous documents and motions, *e.g.*, ECF Nos. 19-21, 24, 26-29, 31, leading the Court to stay consideration of anything other than the motion to dismiss and second motion for leave to amend the Complaint until those motions could be decided, ECF No. 22. While most of these additional filings and motions do not require specific discussion, Mr. Baqleh styled one of them "Plaintiff's Pleading" that was not accompanied by a request for leave to file. ECF No. 31. But it appears that this is Mr. Baqleh's proposed Second Amended Complaint that should have accompanied his Second Motion for Leave to Amend his Complaint. ECF No. 19. Given the leniency with which the Court reviews *pro se* filings, the Court considers the document titled "Plaintiff's Pleadings" as his proposed Second Amended Complaint.

When considering whether to grant Mr. Baqleh's second motion for leave to amend his complaint, the Court considers whether his proposed amendment would be futile. "An amendment is futile if it would not survive a motion to dismiss." *Turner v. United States*, 160 Fed. Cl. 242, 246-47 (2022) (citing *Kemin Foods, L.C. v. Pigmentos Vegetales Del Centro S.A. de C.V.*, 464 F.3d 1339, 1354-55 (Fed. Cir. 2006)). The proposed Second Amended Complaint repeats the claims that the Court has already explained are outside this Court's jurisdiction that

4

the Court does not repeat here. But the proposed amendment adds several new counts that the Court considers when determining whether any could survive a motion to dismiss. They cannot.

Mr. Baqleh seeks to assert the California Constitution and various California statutes as providing jurisdiction in this Court. ECF No. 31 at 1. None confer jurisdiction here because this Court's jurisdiction is limited to claims arising under the United States Constitution, federal law, or federal regulation. 28 U.S.C. § 1491(a)(1). Next, Mr. Baqleh seeks to assert claims under the Americans with Disabilities Act (the "ADA"). ECF No. 31 at 1-2. But this Court lacks jurisdiction over ADA claims because Congress vested the exclusive jurisdiction over those claims in the district courts. *Johnson v. United States*, 97 Fed. Cl. 560, 564 (2011). Finally, Mr. Baqleh seeks to add a claim under the Due Process Clause of the Fourteenth Amendment. ECF No. 31 at 5. But this Court lacks jurisdiction over Fifth[2] or Fourteenth Amendment due process claims because those provisions are not money-mandating. E.g., *Spain v. United States*, 277 F. App'x 988, 989 (Fed. Cir. 2008) ("[I]t is well-settled that these constitutional provisions[, including the Due Process Clauses of the Fifth and Fourteenth Amendments] are not money-mandating."). Therefore, the Court must dismiss Mr. Baqleh's due process claims.

IV. Conclusion

For the reasons stated above, the Court hereby:

1. GRANTS the United States' Motion to Dismiss Pursuant to Rule 12(b)(1), ECF No. 17.

2. DENIES Plaintiff's Second Motion to Amend Complaint, ECF No. 19.

3. DENIES-AS-MOOT Plaintiff's Motion Requesting Expungement or Sealing of the 5150 Record, ECF No. 20.

4. DENIES-AS-MOOT Plaintiff's Motion for Investigating Ongoing Harassment, ECF No. 21.

5. DENIES Plaintiff's Motion for Default Judgment, ECF No. 24.

6. DENIES Plaintiff's Motion to Strike,[3] ECF No. 26.

---

[2] Mr. Baqleh relies on the Fourteenth Amendment's Due Process Clause, which does not apply to the United States, it applies to conduct by a State. The Clause provides "nor shall any *State* deprive any person of life, liberty, or property, without due process of law . . . ." U.S. CONST. amend. XIV, § 1; *see also Scott v. United States*, No. 19-97C, 2019 WL 318452, at *1 (Fed. Cl. Jan. 23, 2019) ("Moreover, the Fourteenth Amendment imposes obligations on states rather than the federal government.") (citation omitted). The Court considers the Fifth Amendment Due Process Clause because it does apply to the United States.

[3] The Court denies the motion to strike for several reasons. First, it is based on the false premise that Mr. Baqleh is suing the United States because he claims he is. That fails for the reasons addressed above. Second, RCFC 12(f) allows the Court to strike certain things from a pleading.

5

      7.   GRANTS Plaintiff's Motion for Leave to Proceed In Forma Pauperis, ECF No. 2.

The Clerk's Office is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

s/ Edward H. Meyers
Edward H. Meyers
Judge

---

Mr. Baqleh files his motion to strike the Government's motion to dismiss briefing, which is not a pleading under the Court's Rules and not the proper target of a RCFC 12(f) motion.  Finally, this motion is moot as the Court lacks jurisdiction over this case and must dismiss it.