# In the United States Court of Federal Claims

No. 22-1887
Filed: May 8, 2023

|  |  |
|---|---|
| JAMES H. BAQLEH, | ) ) ) |
| *Plaintiff,* | ) ) |
| v. | ) ) |
| THE UNITED STATES, | ) ) ) |
| *Defendant.* | ) ) ) |

## ORDER

Since the Court granted the Government's motion to dismiss, Mr. Baqleh has filed two more motions, one for leave to file an amended complaint and one for transfer to an appropriate district court. For the reasons stated below, the Court denies both motions.

First, Mr. Baqleh seeks to amend his complaint to allege that he has not received the social security benefits that he is entitled to. *See* ECF No. 35 at 2. Mr. Baqleh is correct that this Court has jurisdiction over certain claims for money damages against the United States. "But Congress may also specify, in a particular statute that mandates payment of money, that review is restricted to a court other than ours." *Kristian v. United States*, No. 19-1576C, 2020 WL 504793, at *1 (Fed. Cl. Jan. 31, 2020) (quoting *Fletcher v. United States*, No. 10-203C, 2010 WL 2640337, at *2 (Fed. Cl. June 30, 2010)). Congress has done so here by limiting review of claims for social security benefits to the district courts. *Marcus v. United States*, 909 F.2d 1470, 1471 (Fed. Cir. 1990) ("[W]e hold that the Claims Court has no jurisdiction under the Tucker Act . . . over claims to social security benefits.") (internal citation omitted). Because the Court lacks jurisdiction over social security benefit claims, Mr. Baqleh's proposed amendment would be futile. *See Turner v. United States*, 160 Fed. Cl. 242, 246-47 (2022) (citing *Kemin Foods, L.C. v. Pigmentos Vegetales Del Centro S.A. de C.V.*, 464 F.3d 1339, 1354-55 (Fed. Cir. 2006)). Therefore, the Court denies the motion for leave to file an amended complaint.

Second, Mr. Baqleh moves for the Court to transfer this case "to the State Court of California and/or the District Court of Alameda, CA." ECF No. 37 at 2. This Court's ability to transfer cases to other courts is governed by 28 U.S.C. § 1631, which provides:

> Whenever a civil action is filed in a court as defined in section 610 of this title . . . and that court finds that there is a want of jurisdiction, the court *shall*, *if it is in the interest of justice*, transfer such action or appeal to any other such court (or, for cases within the jurisdiction of the United States Tax Court, to that court) in

> which the action or appeal could have been brought at the time it
> was filed or noticed, and the action or appeal shall proceed as if it
> had been filed in or noticed for the court to which it is transferred
> on the date upon which it was actually filed in or noticed for the
> court from which it is transferred.

28 U.S.C. § 1631.  Insofar as the transfer request is seeking to transfer this case to the California state courts, this Court lacks the authority to do so because the "courts" to which Section 1631 refers are only federal courts.  *See* 28 U.S.C. § 610 (defining courts to include "the courts of appeals and district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, the District Court of the Virgin Islands, the United States Court of Federal Claims, and the Court of International Trade"); see also *Kier Bros. Invs. Inc. v. White*, 943 F. Supp. 1, 4 (D.D.C. 1996) ("First, the Court may not transfer this case to a state court under § 1631 because that section only authorizes transfer to those federal courts defined in 28 U.S.C. § 610.").  Therefore, the Court cannot transfer the case to California's courts.

The question of transfer to the United States District Court, however, raises different questions.  When considering whether to transfer a case, the Court generally transfers a case to cure a lack of jurisdiction if: "(1) the transferring court must lack jurisdiction; (2) the transferee court must be one in which the action could have been brought at the time the claim was filed; and (3) the transfer must be in the interests of justice."  *Lucious v. United States*, No. 08-11C, 2008 WL 4596322, at *3 (Fed. Cl. Oct. 1, 2008) (citing *Rodriguez v. United States*, 862 F.2d 1558, 1559-60 (Fed. Cir. 1988)).  The ultimate decision whether to transfer, however, remains in the Court's discretion.  *Ross v. United States*, 155 Fed. Cl. 792, 798 (2021) ("The decision to transfer 'rests within the sound discretion of the transferor court.'") (citing *Spencer v. United States*, 98 Fed. Cl. 349, 359 (2011)).

The fact that this Court lacks subject matter jurisdiction over Mr. Baqleh's claims satisfies the first element.  As for the second element, the Court considers the claims in Mr. Baqleh's complaint separately to confirm whether the District Court would have had jurisdiction on December 21, 2022, the date he filed his complaint in this Court.  The District Court would have had jurisdiction over Mr. Baqleh's claims under 42 U.S.C. § 1983 on the date he filed here because Congress vested sole jurisdiction over such claims in the District Courts.  *E.g.*, *Wickramaratna v. United States*, No. 2022-1786, 2022 WL 17495907, at *1 (Fed. Cir. Dec. 8, 2022).  It also appears that the Section 1983 claim would encompass his tort and Fourth Amendment claims, making the jurisdictional consideration of them unnecessary.

But the Court does not find that transfer would be in the interest of justice because the statute of limitations expired well before Mr. Baqleh filed his complaint in this Court.  Mr. Baqleh complains of events that occurred on or about November 20, 2018.  *See* ECF No. 1 at 1; ECF No. 14-1 (police report dated 11/20/2018).  Because Section 1983 does not have its own statute of limitations, the Court applies the forum State's statute of limitations for personal injury actions.  *E.g.*, *Nares v. City & Cnty. of San Francisco*, No. 22-cv-07497-AGT, 2023 WL 3102554, at *1 (N.D. Cal. Apr. 25, 2023) ("When § 1983 claims are filed in federal court in California, the State's statute of limitations for personal injury actions governs.") (citing *Butler v. Nat'l Cmty. Renaissance of California*, 766 F.3d 1191, 1198 (9th Cir. 2014)).  And the federal

court will apply the State's tolling rules as well. *Id*. Therefore, Mr. Baqleh's claims accrued on November 20, 2018, and the statute of limitation expired on November 20, 2020.[1] But Mr. Baqleh did not file in this Court until December 21, 2022, 25 months after the statute expired. Therefore, the Court does not find it to be in the interest of justice to transfer this action to the United States District Court for the Northern District of California. *E.g.*, *Lucious v. United States*, No. 08-11C, 2008 WL 4596322, at *3 (Fed. Cl. Oct. 1, 2008) ("Accordingly, we decline to transfer a case clearly barred by the statute of limitations 'in the interest of justice.'").

      To be clear, this Court is not ruling that Mr. Baqleh may not file his claims in a District Court of his choosing. Nor does this Court opine as to the merits of any of Mr. Baqleh's claims. This Court only holds that it is not in the interest of justice to transfer this action to a District Court.

      For these reasons, the Court denies the motion to amend the complaint, ECF No. 35, and the motion to transfer, ECF No. 37.

**IT IS SO ORDERED.**

s/ Edward H. Meyers<br>
Edward H. Meyers<br>
Judge

---

[1] Due to the Covid-19 pandemic, California tolled cases between April 1, 2020, and October 1, 2020. *Nares*, 2023 WL 3102554, at *1. Even if this added six months to the limitations period, which is not clear but is the most favorable reading for Mr. Baqleh, his Complaint was untimely.